## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **THANH THUY T. NGUYEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:16-cv-01076-TWT-AJB** |
| | : | |
| **SHEQUETA CADE,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

This matter is presently before the Court on an application to proceed *in forma pauperis* ("IFP") filed by Defendant Shequeta Cade ("Defendant"). [Doc. 1]. For the reasons set forth below, the undersigned **GRANTS** the request to proceed IFP **for these proceedings only**, but **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

## I.   *Introduction*

On or about March 16, 2016, Plaintiff Thanh Thuy T. Nguyen ("Plaintiff") filed a dispossessory action against Defendant for the property located at 4336 Abingdon Dr., Stone Mountain, Georgia 30083 (the "Property"). [*See* Doc. 1-2 at 1]. Defendant, proceeding *pro se*, then removed the case to this Court, filing a notice of removal and

AO 72A
(Rev.8/8
2)

an IFP application. [Doc. 1; Doc. 1-1]. While Defendant's notice of removal does not state a basis for removal, Defendant's civil cover sheet indicates that she has removed the dispossessory proceeding on the basis of federal-question jurisdiction. [*See* Doc. 1-1; Doc. 1-2]. The undersigned first turns to Defendant's request to proceed IFP before examining whether the state-court case may properly be removed to federal court.

## II.   Discussion

### A.   IFP Application

The Court may authorize the commencement of an action without prepayment of fees if the claimant "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

"When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.' " *Id.* at 1307 (alteration in original) (quoting

2

*Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).[1]  "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement."  *Thomas v. Chattahoochee Judicial Circuit*, 574 Fed. Appx. 916, 917 (11th Cir. Sept. 9, 2014).

Once the Court finds that the affidavit is "sufficient on its face to demonstrate economic eligibility," the Court should "then proceed to the question . . . of whether the asserted claim is frivolous." *Martinez,* 364 F.3d at 1307 (alteration in original) (quoting *Watson*, 525 F.2d at 891).  "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i).  "For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (internal quotation omitted).

---

[1]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/8
2)

An action only has legal merit in the federal court if it falls within the court's limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see generally* U.S. Const. art. III § 1.  Accordingly, if an action does not fall within the Court's subject-matter jurisdiction, it is frivolous under § 1915(e)(2)(B)(i) and thus warrants dismissal of both the action itself and the accompanying IFP application. *See Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238 (11th Cir. Dec. 17, 2009) (affirming the district court's decision to vacate its order granting IFP because the court was "authorized, indeed compelled, to dismiss the case once it realized that subject-matter jurisdiction did not exist").  Moreover, whether or not a party has filed an IFP application with its action, the Court is obligated to consider *sua sponte* whether a claim falls within its subject-matter jurisdiction and dismiss the claim if it finds subject-matter jurisdiction to be lacking. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

The Court finds Defendant's affidavit to be of limited use in determining whether she satisfies the poverty requirement.  Defendant states that she receives $1,200 in monthly employment income but did not complete the portion of the IFP form in which the applicant is to report her employment history.  She also fails to state whether she has any bank accounts or other assets.  Lacking a completed application, the Court

4

cannot compare Defendant's assets and liabilities in order to determine whether she satisfies the poverty requirement. However, the Court may "look beyond the [litigant]'s application to proceed *in forma pauperis* to determine his financial condition." *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982). The nature of the suit indicates that Defendant is behind in her housing payments and at immediate risk of losing her home. The Court also notes that in addition to the employment income Defendant reports earning, she also states that she receives $634 in monthly public assistance benefits, which further suggests to the Court that she is unable to afford the Court's filing fees. On this basis, the Court **GRANTS** Defendant's IFP application **for these proceedings only**.

### B.    *Jurisdictional Review*

Because the undersigned has determined that Defendant has satisfied the § 1915(a) poverty requirement and may proceed IFP, the Court shall now perform a § 1915(e)(2)(B)(i) frivolity review of Defendant's removal action. [*See* Doc. 1-1; Doc. 1-2]. A case can only be removed from state to federal court if the federal court has original jurisdiction over the matter in controversy. *See* 28 U.S.C. § 1441(a). The federal court has subject matter jurisdiction over civil actions on the basis of either diversity jurisdiction or federal-question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

AO 72A
(Rev.8/8
2)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

The undersigned now considers whether Defendant has carried her burden of proving that the Court has either diversity jurisdiction or federal-question jurisdiction over Plaintiff's dispossessory proceeding.

### 1.   *Diversity Jurisdiction*

Under 28 U.S.C. § 1332, the district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The dispossessory action filed against Defendant satisfies neither the amount-in-controversy requirement, nor the diversity-of-citizenship requirement of § 1332. Thus, § 1332 does not grant the Court jurisdiction over this case.

First, Defendant has failed to demonstrate that the matter in controversy exceeds $75,000. A dispossessory proceeding is a dispute over the limited right to possession,

6

and not a dispute over ownership. *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.) *aff'd*, 35 Fed. Appx. 858 (11th Cir. Apr. 16, 2002). Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land." *Id*. Defendant has neither argued, nor provided any information indicating that the value of her right to possession of the Property exceeds $75,000.

Second, Defendant's citizenship bars her from removing this case to federal court. A defendant may not remove a case from state to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. Defendant admits that she is a citizen of Georgia, the state in which the dispossessory proceeding was filed. [*See* Doc. 1-2; Doc. 1-3]. Thus, the Court cannot find that the dispossessory proceeding satisfies either the amount-in-controversy requirement, or the diversity-of-citizenship requirement. Accordingly, § 1332 does not grant the Court original jurisdiction over this case.

7

AO 72A
(Rev.8/8
2)

## 2. *Federal-Question Jurisdiction*

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1332. "[A] suit 'arises under' federal law for § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' " *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "[A]n anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Nor may a counterclaim serve as the basis for federal-question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 56 (2009) (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*,

8

410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendant seems to assert that the Court may hear Plaintiff's dispossessory proceeding on the basis of federal-question jurisdiction, but she fails to identify any federal law upon which Plaintiff's claim is based. [*See* Doc. 1-1 at 1; Doc. 1-2]. Indeed, there is no indication that Plaintiff's complaint is based on anything more than a state-law claim for possession of the Property and back rent. [*See* Doc. 1-2]; *see also Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.) (holding that a dispossessory action did not fall under federal jurisdiction because it was "exclusively a matter of state law"). Thus, Plaintiff's complaint does not present a federal question. Accordingly, the undersigned finds that § 1331 does not grant the Court original jurisdiction over the dispossessory action against Defendant.

### III.   Conclusion

For the reasons above, the Court **GRANTS** Defendant's application to proceed IFP **for these proceedings only**, but **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia. The Clerk is **DIRECTED** to mail Defendant's copy of this Order and Report and Recommendation to the following address:

AO 72A
(Rev.8/8
2)

Shequeta Cade
4336 Abingdon Dr.
Stone Mountain, GA 30083

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this 7th day of

April, 2016.

_____

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)